## Parenti Appeal

*I. W. Coleman*, for applicant.

*R. J. Jordan*, for Liquor Control Board.

HENNINGER, P. J., June 20, 1960.—John C. Parenti, having purchased all of the stock in the Fifth and Washington Corporation, the holder of a restaurant liquor license, applied to the Pennsylvania Liquor Control Board for approval of the stock transfer.

After a hearing on June 26, 1959, the board refused to sanction the transfer because ". . . the board is not satisfied that John C. Parenti, who proposes to become the sole stockholder of this corporation, is a person of good reputation."

The basis for the board's objection is that on January 7, 1957, Parenti entered a plea of nolo contendere to maintaining a lottery, on which charge he was sentenced on April 8, 1957, to pay $500 in lieu of a fine and further sentence suspended upon certain conditions.

Plaintiff has appealed from this ruling of the board and has based his appeal entirely upon our decision of November 24, 1947, in Balliet Appeal, 22 Lehigh 444, in which an applicant for a hotel license appealed from the board's refusal because of his conviction of a liquor violation on January 3, 1945.

In the Balliet case, we stated, at page 446:

"'The question then arises for how long a time should a conviction of violation of the law stamp a man as one without a good reputation. It probably depends upon the nature of the criminal violation. In our opinion the liquor law itself provides a standard where the liquor laws have been violated—Under Sec. 410 of the Pennsylvania Liquor Control Act of 1933, Spec. Sess. P. L. 15, as amended, 47 P. S. 744-410, by providing that where a license has been revoked, the guilty party is ineligible for a license for a period of three years. Appellant's license has not been revoked for the very good reason that he pleaded guilty to selling without a license. By analogy, however, the stigma for violation of the liquor laws should ordinarily not extend beyond three years from the adjudication of guilt.

"It might be reasoned that since the violation occurred more than three years ago and since the three-year period since conviction has almost expired, the appeal should be sustained and the license granted.

"To the first argument, the answer is that this case should be judged by conditions existing when the Liquor Control Board held its hearing, which was on July 23, 1947; to the second, that Appellant is not entitled to leniency or sympathy and should be held to the strict letter of the law.

"We believe, however, that the disability suggested by us should cease to bar a license which would begin to operate after three years from January 3, 1945, and will so provide in our order."

We note with relief the guarded language of that opinion in which it is stated that a three-year limitation should apply to liquor law violations.

In view of the fact that the three-year period has already elapsed, it is also important to note the above-quoted language, ". . . this case should be judged by conditions existing when the Liquor Control Board held its hearing." In this case that was well within the three-year period.

Even if the Balliet case were a clear cut precedent, we would not allow the appeal, because the three-year period there spoken of had not expired when the board acted. Since the board was, therefore, correct in its ruling when made, we cannot sustain the appeal although the period stated has already elapsed.

We shall make the same order as was made in the Balliet Appeal.

Now, June 20, 1960, the appeal of John C. Parenti is dismissed at appellant's costs without prejudice to appellant's right to renew his application for approval of his purchase of the shares of stock in licensee's establishment.